# Court of Appeals
# of the State of Georgia

ATLANTA,  March 31, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1266. JULIANNA PIECHOCZEK v. TUDOR JONES.

Julianna Piechoczek and Tudor Jones are the parents of two minor children. On August 11, 2025, the trial court entered a final order, awarding the parties joint legal custody with Jones having primary physical custody. On September 11, 2025, Piechoczek filed a pro se motion for new trial and to set aside the judgment, which the trial court denied, finding, in relevant part, that the motion was untimely. Piechoczek then filed this direct appeal from that ruling.[1] This Court, however, lacks jurisdiction.

To be timely, a notice of appeal must be filed within 30 days of the entry of an appealable judgment. OCGA § 5-6-38(a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Yanes v. Escobar*, 362 Ga. App. 896, 898 (870 SE2d 506) (2022). Although a timely filed motion for new trial extends the time in which to seek appellate review, a void or ineffective motion for new trial does not toll the time for filing a notice of appeal under OCGA § 5-6-38(a); *Wright v. Rhodes*, 198 Ga. App. 269 (401 SE2d 35) (1990).

Here, Piechoczek's pro se motion for new trial is a legal nullity, as she was represented by counsel at the time it was filed. See *Romich v. All Secure, Inc.*, 361 Ga. App. 505, 505 (863 SE2d 179) (2021) ("A layperson does not have the right to represent herself and also be represented by an attorney. As a result, a party cannot attempt to represent herself by filing pro se pleadings, while at the same time she is

---

[1] In Case Number A26A1258, Piechoczek seeks to appeal the trial court's final order.

represented by counsel of record.") (citation and quotation marks omitted); *In the Interest of N. C.*, 358 Ga. App. 379, 379 (855 SE2d 379) (2021) (dismissing a direct appeal in a child custody proceeding because the mother's pro se notice of appeal, filed while she was represented by counsel, was a nullity). We therefore lack jurisdiction to consider this appeal, which is hereby DISMISSED. See *Romich*, 361 Ga. App. at 505; *In the Interest of N. C.*, 358 Ga. App. at 379.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  03/31/2026

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*